GLD-410                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2467
_____

LAWRENCE BROWN,
                                        Appellant
v.

SEPTA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 11-cv-07366)
District Judge:  Honorable Thomas N. O'Neill, Junior

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 29, 2013
Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: September 10, 2013)
_____

OPINION
_____

PER CURIAM

        Pro se Appellant Lawrence Brown appeals the District Court's order granting

Appellee's motion for summary judgment.  For reasons set forth below, we will

summarily affirm the District Court's order.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

Brown, a former Southeastern Pennsylvania Transportation Authority ("SEPTA") employee, alleges that SEPTA violated his constitutional rights and discriminated against him because of his race. Specifically, Brown claims that SEPTA violated 42 U.S.C. §§ 1981 and 1983, as well as the Fourth, Fifth, and Fourteenth Amendments, during an investigation that ultimately led to his termination. Furthermore, Brown claims that he was treated differently than similarly situated individuals outside of his protected class. SEPTA terminated Brown due to his attempt to fill a fraudulent prescription while dressed in his SEPTA uniform and using his SEPTA prescription card.

Brown, who worked as a cashier, was ordered to report to the SEPTA Office of Inspector General ("OIG") in November 2009. At this meeting, Brown alleges that he was not read any Miranda rights and was not informed that he had a right to union representation under NLRB v.J. Weingarten, Inc., 420 U.S. 251, 267 (1975). During the course of the meeting, Brown claims that he was threatened by a SEPTA detective and a Philadelphia Police Officer if he did not answer their questions. Brown signed each page of the Philadelphia Police Department Investigation Interview Record ("IIR").

As a result of the OIG meeting, an informal hearing was held between SEPTA and Brown's Union. At the hearing, Brown's supervisor proposed a resolution of terminating Brown's employment. After several administrative appeals by Brown, his termination was upheld. Brown then filed a complaint in the District Court alleging that he was discriminated against on the basis of race in violation of the Civil Rights Act, 42 U.S.C. §§ 1981 and 1983. The District Court. found that Brown failed to provide evidence to

support his claims and thus granted summary judgment in favor of SEPTA. Brown timely appealed.

## II.

We have jurisdiction over the District Court's order. 28 U.S.C. § 1291. We review de novo an award of summary judgment, "applying the same test that the District Court should have applied and viewing the facts in the light most favorable to the nonmoving party." Schneyder v. Smith, 653 F.3d 313, 318 (3d Cir. 2011). Summary judgment is appropriate only when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Moreover, the nonmoving party cannot rely only on allegations in the complaint to defeat summary judgment; rather, he "must rely on affidavits, depositions, answers to interrogatories, or admissions on file." GFL Advantage Fund, LTD v. Colkitt, 272 F.3d 189,199 (3d Cir. 2001) (citing Bhatla v. U.S. Capital Corp., 990 F.2d 780, 787 (3d Cir.1993)). We may summarily affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

The District Court granted SEPTA's motion for summary judgment after finding that Brown failed to meet the requirements of 42 U.S.C. §§ 1981 and 1983. We agree. Section 1983, which Brown relies on for his constitutional claims, provides private citizens with a means to redress violations of federal law committed by state officials. For the purposes of § 1983, SEPTA is treated as a municipal agency when determining its liability, if any. See Bolden v. SEPTA, 953 F.2d 807, 821, 830 (3d Cir. 1991) (en banc);

3

Searles v. SEPTA, 990 F.2d 789, 790 (3d Cir. 1993). However, SEPTA cannot be held liable for the acts of its employees under respondeat superior or any other theory of vicarious liability. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). Rather, SEPTA can only be held liable for an unconstitutional policy, custom, or practice. Monell, 436 U.S. at 691-92; City of Canton v. Harris, 489 U.S. 378 (1989); Berg v. Cnty. of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000).

## A. Fourth Amendment Claims

The Fourth Amendment prohibits unreasonable search and seizures. See U.S. Const. amend. IV. A Fourth Amendment seizure occurs when someone is "detained by means intentionally applied to terminate his freedom of movement." Berg, 219 F.3d at 269. Evidence of a seizure includes the "threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person . . . or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." United States v. Mendenhall, 446 U.S. 544, 554 (1980). Brown argues that his Fourth Amendment rights were violated during the OIG meeting when the officers threatened to arrest him if he did not answer their questions. However, Brown does not provide any evidence suggesting that the officers displayed their weapons or physically touched him during the interview. See GFL Advantage Fund, LTD., 272 F.3d at 199 (stating the nonmoving party cannot rely on mere allegations in the pleadings). Thus, the District Court properly granted summary judgment in favor of SEPTA on Brown's Fourth Amendment claim.

## B. Fifth Amendment Claims

4

Brown claims that his Fifth Amendment privilege against self-incrimination was violated because he was interrogated at the OIG without being given <u>Miranda</u> warnings as well as being subjected to threats, and denied legal representation. Brown claims that the information received was the result of an unlawful interrogation.

As an initial matter, Fifth Amendment protections are generally limited to criminal proceedings. <u>See</u> <u>Baxter v. Palmigiano</u>, 425 U.S. 308, 316 (1976); <u>Chavez v. Martinez</u>, 538 U.S. 760, 778 (2003) (Souter, J., concurring). Brown may not base a § 1983 claim for a violation of constitutional rights on the mere fact that the police questioned him in custody without providing <u>Miranda</u> warnings when there is no claim that Brown's answers were used against him at trial. <u>Renda v. King</u>, 347 F.3d 550, 552 (3d Cir. 2003). Brown does not provide any evidence showing how the information he provided to the OIG has been or will be used against him in a criminal proceeding. Thus, his Fifth Amendment rights have not been violated, and the District Court order granting summary judgment for SEPTA on the Fifth Amendment claim was proper.

### C. Fourteenth Amendment

Brown raised both equal protection and due process claims. Brown's equal protection claims largely revolve around his view that he was treated differently from similarly situated employees because of his race. Generally, there are many factors that can be relevant to this fact intensive inquiry. <u>See</u> <u>Sprint/United Mgmt. Co. v. Mendelsohn</u>, 552 U.S. 379. 388 (2008). Courts have included factors such as "showing that the two employees dealt with the same supervisor, were subject to the same standards, and have engaged in similar conduct without such differentiating or mitigating

5

circumstances as would distinguish their conduct or the employer's treatment of them."

Radue v. Kimberly-Clark Corp., 219 F.3d 612, 617-18 (7th Cir. 2000).

Although none of the other employees shared supervisors, performed similar work, held a similar status, or committed a similar violation as Brown, Brown argues that they were all similarly situated because they were all subject to the same SEPTA human resources policies. This, however, does not support Brown's assertion that the other employees were similarly situated. Even if the other employees were similarly situated, Brown fails to demonstrate how the disparate treatment was a result of a SEPTA policy, custom, or practice. Brown also claims that SEPTA's human resource policy prohibits disciplinary action against employees unless they are arrested, charged, or convicted. However, Brown fails to specify the actual policy, practice, or custom and instead makes an unsupported assertion. Because Brown cannot point to an offending SEPTA policy, practice, or custom, we will affirm the district court order granting summary judgment for SEPTA dismissing Brown's equal protection claim.

Brown also appears to be making both substantive and procedural due process claims. In regards to the substantive due process claim, it appears that Brown is arguing that he has a fundamental property interest in his job. However, we have held that continued public employment does not constitute a fundamental right. See Nicholas v. Pa. State Univ., 227 F.3d 133, 141-43 (3d Cir. 2000). Thus, the District Court order granting summary judgment in favor of SEPTA on Brown's substantive due process claim was proper.

Brown additionally argues that he was denied procedural due process when SEPTA ordered him to report to the OIG for an interview without being told the reason for the interview. For a procedural due process claim to be successful under § 1983, Brown must claim that he was deprived of an individual interest encompassed within the Fourteenth Amendment and the procedures available did not provide due process of law. Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000). Here, Brown fails to demonstrate how SEPTA's grievance procedures were insufficient. We have held that SEPTA's comprehensive union grievance procedures satisfy due process requirements. Dykes v. SEPTA, 68 F.3d 1564, 1571 (3d Cir. 1995). Brown's assertion that he was not told the reason for the interview falls short of establishing a violation of his right to procedural due process.

### D. Section 1981 Claims

Brown also claims that SEPTA violated his rights under the Civil Rights Act, 42 U.S.C. § 1981, by discriminating against him on the basis of race. We have held that "[t]he express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by" entities such as SEPTA. McGovern v. City of Phila., 554 F.3d 114, 120-21 (3d Cir. 2009). Here, Brown has not provided any evidence demonstrating that he was discriminated against on the basis of race by SEPTA. Brown argues that SEPTA has a policy to not take disciplinary action against an employee, unless the employee has been arrested, charged, and convicted of the crime. However, Brown fails to identify any specific SEPTA custom or policy that caused his injury and instead makes an unsupported assertion. Moreover, he

7

still provides insufficient evidence demonstrating that he was treated differently from other employees who were not African American.  Because Brown fails to satisfy the requirements of section 1981, the District Court properly granted SEPTA's motion for summary judgment.

IV.

For the reasons set forth above, we will affirm the district court's order granting SEPTA's motion for summary judgment.  Brown's motion for the appointment of counsel is denied.